**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARVIN ZELEDON-MENDOZA, | No. 09-72738 |
| Petitioner, | Agency No. A099-473-570 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Marvin Zeledon-Mendoza, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Zeledon-Mendoza testified that gang members, who believed he and a friend had reported them to police, indirectly threatened them and subsequently killed his friend, and he also testified that other gang members accosted and robbed him outside his church. Substantial evidence supports the agency's determination that, even if credible, Zeledon-Mendoza did not demonstrate past persecution or a fear of future persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Soriano v. Holder*, 569 F.3d 1162, 1164 (9th Cir. 2009) ("The BIA permissibly found that Petitioner's fear of future persecution stems from the criminals' motive to retaliate against him for informing on them."); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (robberies did not establish persecution where petitioner did not show he was robbed on account of protected ground). Accordingly, Zeledon-Mendoza's asylum and withholding of removal claims fail.

09-72738

Finally, substantial evidence supports the agency's denial of CAT relief because Zeledon-Mendoza failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the Honduran government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**